### DUDLEY HODGKINS CO. v. GRANT.

#### No. 15445.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 18, 1953.

Rehearing Denied Oct. 16, 1953.

Hyder and Honts, Henry E. Wise and John B. Honts, all of Fort Worth, for appellant.

J. C. Mount, Fort Worth, for appellee.

MASSEY, Chief Justice.

From a judgment of the trial court in behalf of the plaintiff salesman for sales commissions as against the defendant employer, the employer appeals.

Affirmed.

Fred Grant, a salesman, was an employee prior to November 30, 1950, of the Dudley Hodgkins Company, a corporation, with its president one Dudley Hodgkins, Sr. The company was in the printing and lithographing business. During the months of either November or December, 1950, an oral conversation was held between the company, through its president, with its salesman, Fred Grant. Grant alleged that during the course of this conversation an oral contract resulted whereby for the year beginning December 1, 1950, to and inclusive of November 30, 1951, the consideration of his employment was provided to be $100 per week, plus 7½% of all sales made by him in excess of $52,000, said 7½% to be due and payable at or prior to the end of such period of employment. The salesman ceased working for the company shortly after the last day of the aforementioned period of employment, and filed suit alleging that though he had been paid $100 per week for said period, he had also made sales in excess of $52,000 by the amount of $40,769.18, and that there was due and owing to him by the company a commission of 7½% thereof, none of which had been paid.

Trial was had before the court, and at the conclusion of the evidence and after both plaintiff and defendant orally announced that they were resting their cases, the court took the case under advisement. Approximately one week thereafter the court notified both plaintiff and defendant he had reached a decision, said decision being that the plaintiff was entitled to recover the commission sought. He notified the parties to appear in his court at 10:00 a. m. on date of January 29, 1953, and the parties then appeared before the court and the court then and there rendered judgment in accordance with his letter, finding therein that the amount upon which plaintiff was entitled to judgment for commission of 7½% was $38,659.83.

Upon the occasion of said events of January 29, 1953, the defendant dictated the following to the court reporter, and which appears in the statement of facts, though not in the transcript:

"The defendant, by and through its attorneys of record, moves the court to appoint an auditor to audit the books of the Dudley Hodgkins Company, and return the total sales of Fred Grant, the plaintiff herein, and determine the total sales of Fred Grant, during the period from December 1, 1950, to November 1, 1951."

The court then in turn dictated to the court reporter stating that the motion so dictated would be overruled, with the court's reasons for overruling stated in the

record to be as follows: "You went to trial on January 13, 1953, and the first request that was made, for the appointment of an auditor was today. I announced judgment in the case, after all the evidence was completed and arguments heard—completed on January 21, 1953."

On this appeal the appellant company complains that the trial court erred in failing to appoint an auditor to audit such company's records to determine appellee salesman's sales during the period from December 1, 1950, through November 30, 1951, and complains further that the trial court erred in finding that the total upon which the commission was figured amounted to $38,659.83.

■ Appellant's only premise on its contention of error as to finding the figure of $38,659.83 is that during the course of the trial the court admitted that from the testimony exclusive of the record of accounts of sales, which were introduced in evidence, he was unable to determine the total amount thereof. Since the record of accounts of sales were in evidence, the court must be presumed to have resorted to such record to determine the proper amount for such total. Particularly would this be true when there is no affirmative showing in the record that the court did not do so, as is the state of the record in this case, or that the court could not have done so, which is impossible of demonstration in this case since the appellant did not bring forward in the record the account of the sales, though it comprised a part of the material introduced and considered.

Appellant's right to reversal then is posed solely upon its contention that it has been prejudiced by virtue of the trial court's failure to appoint an auditor to audit its records before pronouncing judgment as to the amount of its salesman's sales upon which commission was calculated.

■ It is noted that the motion which appellant did dictate to the court reporter was with reference to a period of time covering only an eleven month period within the total twelve month period of the contract in question, and which eleven month period was not shown to be a period controlling the dispute between the parties. For this reason the motion would have been properly overruled, but even should it be considered to have been properly filed and acted upon by the court, yet it was properly overruled because the appellant had rested its case with the conclusion of the evidence introduced, as had its opponent, and this without any reservation of any kind, and error in a case of this nature could not be predicated upon the rejection of a motion so untimely filed.

The statement of facts discloses that the sales records in question, and which were admitted in evidence, were testified to by appellant's own witness, who had their usual custody. During the cross-examination of such witness by appellee's attorney, the attorney was interrupted by the court and was informed that cross-examination on the various items disclosed by such records as going to make up the total of the sales had proceeded as far as the court desired. Then the court stated, "I will have these accounts audited and all that stuff worked up when I get down to rendering my decision. * * *"

■ Thereafter, there was never any attempt on the part of appellant's counsel to make any interrogation along the same lines, and the record does not reflect that appellant was deprived of the benefit of any proof it wished to make. There was no exception to exclusion of testimony or to the statement of intent made by the court. No order was entered formally appointing an auditor. Nothing affirmatively appears of record showing whether or not any audit was ever made of the records in question and of course nothing appears of record showing who did audit the records if they were audited.

The appellant erroneously proceeds on the premise that no audit could have been made, and that a court itself, without aid of some officially designated person for the purpose, cannot audit an account. It also erroneously proceeds on the premise that there need not be any proof of record evi-

dencing the lack of capability of the court, through the judge thereof, to perform the function, but that such want of ability would be presumed. The very function of an audit implies an examination of official character and the exercise of a discretion which would be judicial in character in fixing the liability. The function of, and indeed the duties of a court, through its judge, embrace such. The performance of the audit by the court is entirely proper in the absence of demonstration that such constituted an abuse of discretion. No such abuse is demonstrated in this case.

And the record being silent and bare of any affirmative showing upon the matter, the court, through its judge, will be presumed to have conducted such audit as the circumstances warranted and required, pursuant to arriving at the judgment.

The questions posed by the appeal are well settled by the text and cited authorities found under the title, "References to Auditors and Masters", 36 Tex.Jur., p. 681, et seq., and under 7 C.J.S., Audit, page 1274, et seq.

Judgment of the trial court is affirmed.